UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED
SEP 30 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11CV653 |
| ) | |
| C&F MORTGAGE CORPORATION, ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce the provisions of the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"), and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA").

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345, 42 U.S.C. § 3614, and 15 U.S.C. § 1691e(h). Venue is appropriate pursuant to 28 U.S.C. § 1391.

3. C&F Mortgage Corporation, a wholly-owned subsidiary of Citizens and Farmers Bank, is a Virginia corporation whose principal place of business is 1400 Alverser Drive, Midlothian, Virginia.

4. C&F Mortgage Corporation is a residential mortgage lender offering conventional loans. It operates through a retail model of accepting applications and originating loans using its own employees. Although its lending is concentrated in Virginia, it operates 22 offices in six states.

5. C&F Mortgage Corporation is subject to Federal laws governing fair lending, including the FHA and the ECOA and the regulations promulgated under each of those laws. The FHA and the ECOA prohibit financial institutions from discriminating on the basis of, *inter alia*,

race or national origin in their lending practices. Charging higher prices for loans on the basis of race or national origin is a discriminatory lending practice prohibited by the FHA and the ECOA.

6. C&F Mortgage Corporation is a "creditor" within the meaning of the ECOA, 15 U.S.C. § 1691a(e), and engages in "residential real estate-related transactions" within the meaning of the FHA, 42 U.S.C. § 3605. C&F Mortgage Corporation also is subject to the Home Mortgage Disclosure Act, 12 U.S.C. § 2803, which requires mortgage lenders to maintain data on the race and ethnicity of each borrower.

7. Beginning in 2007, the FDIC conducted an examination of the lending practices of C&F Mortgage Corporation to evaluate compliance with, among other laws, the FHA and the ECOA. Based on analysis of C&F Mortgage Corporation's pricing in 2007 for conventional, first-lien, owner-occupied, home-purchase loans secured by residential real estate ("subject loans"), the FDIC found reason to believe that C&F Mortgage Corporation had engaged in a pattern or practice of discrimination on the basis of race and/or national origin against black and Hispanic borrowers. On August 19, 2010, following the examination described above, the FDIC referred the lending practices of C&F Mortgage Corporation to the United States Department of Justice pursuant to 15 U.S.C. § 1691e(g).

8. After receiving the referral from the FDIC the United States Department of Justice analyzed C&F Mortgage Corporation's pricing for the subject loans.

9. C&F Mortgage Corporation determined the risk-related pricing through an objective system that calculated "par" interest rates for individual mortgage loan applications based on criteria including the borrower's credit characteristics and the terms of the loan, and these par rates were communicated to employees through the distribution of rate sheets. With respect to the subject loans, C&F Mortgage Corporation gave its employees wide discretion to charge

overages or make available underages that raised or lowered, respectively, the interest paid by borrowers from the par interest rate at which C&F Mortgage Corporation would originate the loan. The exercise of this discretion was not related to an evaluation of the borrower's creditworthiness.

10. The compensation of C&F Mortgage Corporation's employees was based in part on their ability to charge overages and avoid including underages on the loans they arranged. In 2007 C&F Mortgage Corporation did not have in place objective criteria to be followed by employees in charging overages or making available underages. Moreover, prior to 2010 it did not require employees to document the reasons for charging overages or including underages, did not monitor whether discrimination based on race resulted from these overages and underages, and did not offer detailed fair-lending training to its employees.

11. With respect to the subject loans, C&F Mortgage Corporation, on average, charged both black and Hispanic borrowers approximately 20 basis points more than it charged to similarly-situated whites. These disparities, which are statistically significant, mean that a black or Hispanic borrower who took out a $200,000 loan of this type, on average, annually paid approximately $400 more in interest than a similarly-situated white borrower. These disparities will result in 191 black and Hispanic borrowers continuing to pay additional interest because of race or national origin in each monthly mortgage payment they make until the loan is paid off, which may be as many as 30 years after origination.

12. The higher loan prices that C&F Mortgage Corporation charged to black and Hispanic borrowers for the subject loans are a result of C&F Mortgage Corporation's policy or practice, as described in paragraphs 9 and 10, of giving its employees wide subjective discretion in charging overages and making available underages without requiring adequate documentation,

monitoring, or training, which affected the cost of a loan to the borrower. These price differences cannot be explained fully by factors unrelated to race and/or national origin.

13. C&F Mortgage Corporation's policy or practice of giving its employees wide subjective discretion in charging overages and making available underages without requiring adequate documentation, monitoring, or training, had a disparate, detrimental impact on black and Hispanic borrowers compared to similarly-situated white borrowers.

14. C&F Mortgage Corporation's policy or practice of giving its employees wide subjective discretion in charging overages and making available underages without requiring adequate documentation, monitoring, or training, is not justified by business necessity or legitimate business interests.

15. C&F Mortgage Corporation's actions, policies and practices, as alleged herein, constitute:

    a. Discrimination on the basis of race and/or national origin in making available, or in the terms or conditions of, residential real estate-related transactions, in violation of the Fair Housing Act, 42 U.S.C. § 3605(a);

    b. Discrimination on the basis of race and/or national origin in the terms, conditions, or privileges of the provision of services in connection with sale of a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b); and

    c. Discrimination against applicants with respect to credit transactions on the basis of race, color, and/or national origin in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1).

16. C&F Mortgage Corporation's actions, policies and practices, as alleged herein, constitute:

 a. A pattern or practice of resistance to the full enjoyment of rights secured by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f; and

 b. A denial of rights granted by the Fair Housing Act to a group of persons that raises an issue of general public importance.

17. Persons who have been victims of C&F Mortgage Corporation's discriminatory actions, policies and practices are aggrieved persons as defined in the FHA, 42 U.S.C. § 3602(i), and aggrieved applicants as defined in the ECOA, 15 U.S.C. § 1691e, and have suffered injury and damages as a result of C&F Mortgage Corporation's violation of both the FHA and the ECOA.

18. C&F Mortgage Corporation's pattern or practice of discrimination has been intentional and willful, and has been implemented with reckless disregard for the rights of black and Hispanic borrowers.

 WHEREFORE, the United States prays that the Court enter an ORDER that:

19. Declares that the policies and practices of the Defendant constitute violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f;

20. Enjoins the Defendant, its agents, employees, and successors, and all other persons in active concert or participation with it, from:

 a. Discriminating on the basis of race and/or national origin against any person in making available, or in the terms or conditions of, a residential real estate-related transaction;

 b. Discriminating on the basis of race and/or national origin in the in the terms, conditions, or privileges of the provision of services in connection with the sale of dwellings;

 c. Discriminating on the basis of race and/or national origin against any person with respect to any aspect of a credit transaction;

 d. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendant's unlawful conduct to the position they would have been in but for the discriminatory conduct; and

 e. Failing or refusing to take such actions as may be necessary to prevent the recurrence of any such discriminatory conduct in the future.

21. Awards monetary damages to all the victims of the Defendant's discriminatory policies and practices for the injuries caused by the Defendant, pursuant to 42 U.S.C. § 3614(d)(1)(B) and 15 U.S.C. § 1691e(h); and

22. Assesses a civil penalty against the Defendant in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), in order to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

DATED this 30 day of September, 2011.

| | |
|---|---|
| NEIL H. MACBRIDE<br>United States Attorney<br><br>By: /s/ Robert P. McIntosh<br>Robert P. McIntosh<br>Virginia Bar Number 66113<br>Attorney for the United States<br>United States Attorney's Office<br>600 East Main Street, Suite 1800<br>Richmond, Virginia 23219<br>Telephone: (804) 819-5400<br>Facsimile: (804) 819-7417<br>Email: Robert.McIntosh@usdoj.gov | ERIC H. HOLDER, JR.<br>Attorney General<br><br>THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Chief<br>Housing and Civil Enforcement Section<br><br>DONNA M. MURPHY<br>Principal Deputy Chief<br>Housing and Civil Enforcement Section<br><br>HOWARD R. GRIFFIN<br>Attorney<br>Housing and Civil Enforcement Section<br><br>/s/ Amber Standridge<br>AMBER STANDRIDGE<br>Virginia Bar Number 73444<br>Attorney<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Ave. NW - NWB<br>Washington, DC 20530<br>Telephone: 202-514-3556<br>Fax: 202-514-1116<br>Email: Amber.Standridgeusdoj.gov |

Attorneys for the United States